IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **JOSHUA COLLINS,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**Defendants.** | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Experian is a consumer reporting agency that has been wrongfully reporting negative payment statuses on accounts that Plaintiff had properly discharged in bankruptcy when he filed in September of 2018. A bankruptcy that is reflected on Experian's credit report.

2. Despite this, Experian has listed a balance and negative reporting on an Automax Motors, LLC accounts for years *after* Plaintiff had filed for bankruptcy and had this account closed and discharged in bankruptcy. Experian includes this logically inconsistent information because it does not have adequate policies and procedures in place to ensure that it prevents such logical inconsistencies, like reporting negative information on an account subsequent to its closure and discharge in bankruptcy.

3. As the Consumer Financial Protection Bureau recently addressed, "a consumer reporting agency that does not implement reasonable internal controls to prevent the inclusion of facially false data, including logically inconsistent information, in consumer reports it prepares is

-1-

not using reasonable procedures to assure maximum possible accuracy."[1] The purpose of this opinion was to "highlight that the legal requirement to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individuals about whom the reports relate includes, but is not limited to, procedures to screen for and eliminate logical inconsistencies to avoid including facially false data in consumer reports." *Id*. In summary, where an account status (like a 'negative' payment in 2020) is plainly inconsistent with other information reported on that account (like a "discharged in bankruptcy" from 2017), this facially illogical reporting is evidence of a consumer reporting agency's failure to have the policies and procedures required to meet its FCRA accuracy obligations.

4.  Plaintiff, Joshua Collins ("Plaintiff"), therefore brings this claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian") has negligently and recklessly disseminated false and logically inconsistent information regarding the Plaintiff's credit.

5.  Plaintiff further alleges that Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and that Experian failed to investigate the credit report inaccuracies in response to Plaintiff's dispute.

6.  Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

7.  The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the State of Texas and violated Plaintiff's rights under the FCRA in the State of Texas as alleged more fully below.

---

[1] Consumer Financial Protection Bureau, *Advisory Opinion on Fair Credit Reporting; Facially False Data*,

8.      Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendants conducts business in this District, and communications giving rise to this action occurred in this District.

## PARTIES

9.      Plaintiff is a resident of Lewisville, Texas and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10.     Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11.     Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

## FACTUAL ALLEGATIONS

12.     Plaintiff filed Chapter 7 bankruptcy on September of 2018.

13.     Among the accounts that were closed and discharged through the bankruptcy were MEI/Automax.

14.     Sometime prior to January of 2021, Plaintiff noticed that Experian was reporting the above account with a current balance and as a voluntary surrender months and years *after* Plaintiff had filed for bankruptcy and had this account discharged.

15.     This information is thus inaccurate, misleading, and logically inconsistent, since

these accounts were paid off or discharged in full as part of the Plaintiff's bankruptcy in 2017, relieving Plaintiff of any liability or responsibility on these closed accounts. Therefore, there could not have been a balance or any negative reporting in the time following Plaintiff's bankruptcy discharge.

16. Beginning in or around January of 2021, Plaintiff sent multiple disputes directly to Experian asking the Defendant to investigate and fix the inaccurate reporting.

17. However, Experian continued to report the inaccurate balance and voluntary surrender for years.

18. During this time, Plaintiff suffered financial loss in denials of credit and emotional distress.

19. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

20. Upon information and belief, Experian fails to have such reasonable procedures, as it allows for inaccurate and damaging logical inconsistencies to appear on consumers' reports; namely, that consumers have a balance and negative reporting on accounts that have previously been discharged in a bankruptcy filing.

21. At all times pertinent hereto, Experian's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e of the FCRA.

22. As a direct and proximate result of the Defendant Experian's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff

has been harmed.

23. For example, the Plaintiff was denied credit as a result of the Defendant's inaccurate reporting of these derogatory accounts, causing the Plaintiff to sustain monetary damages, and has had false derogatory information regarding his credit and creditworthiness wrongfully disseminated to third parties.

24. Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendant's defamatory actions.

**COUNT I**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

25. All preceding paragraphs are realleged.

26. Plaintiff brings this claim individually and on behalf of all others similarly situated.

27. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

28. Accordingly, Experian was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff. This includes following procedures to prevent facially evident logical inconsistencies.

29. However, Experian failed to do so.

30. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepared concerning Plaintiff, it would not be possible for it to report negative statuses and a balance on a debt that Experian knew or should have known was discharged in a previous bankruptcy. A bankruptcy that Experian was reporting on its own report.

31. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

## DEMAND FOR TRIAL BY JURY

32. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B. Awarding Plaintiff statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest

C. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

E. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

F. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 21, 2023

           By:  /s/ Yitzchak Zelman
               Yitzchak Zelman, Esq.
               MARCUS & ZELMAN, LLC
               701 Cookman Avenue, Suite 300
               Asbury Park, NJ 07712
               (732) 695-3282
               yzelman@marcuszelman.com
               *Attorneys for Plaintiff*